Case 4:20-cr-00047 Document 43 Filed on 10/28/21 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-20-0047-1 |
| | § | |
| | § | |
| CALEB KIRK YATES | § | |

## Memorandum Opinion and Order

Pending before the court is defendant Caleb Kirk Yates' motion to suppress.[1] Dkt. 32. After reviewing the motion, response, applicable law, and witness testimony, the court is of the opinion that the motion should be DENIED.

### I. Background

Defendant is charged with possessing a firearm after knowing he had previously been convicted of a felony and possessing a part designed to convert a weapon into a machine gun. Dkt. 1 at 1–2. Defendant's motion to suppress relates to the Government's seizure of items at his residence. *See* Dkt. 32. That seizure was done pursuant to a search warrant authorized by United States Magistrate Judge Nancy K. Johnson. *See id.* Defendant argues, in relevant part, that suppression is appropriate because the affidavit filed in support of the Government's search warrant application was deficient. *Id.* The following factual allegations are taken from that affidavit.

---

[1] Defendant stated on the record during a suppression hearing held in this matter that he was abandoning his suppression challenge as to the Government's search of his technological devices. *See* Dkt. 42 (Minute Entry of October 26, 2021).

On or about April 09, 2019, United States Customs and Border Protection ("CBP") identified a parcel that it suspected contained an "auto switch" device. Dkt. 33, Ex. 2 at 4 ¶ 9. An "auto switch" device is a part that is used to convert a semi-automatic pistol to fire in fully automatic mode. *Id.* at 3, 4. CBP personnel intercepted the parcel at the International Mail Facility in Chicago, Illinois. *Id.* at 3 ¶ 5. The parcel had been shipped from China and was labeled as a "spray paint valve." *Id.* at 4–5 ¶ 9. The shipper of the device had previously shipped parcels into the United States containing "auto switch" devices. *Id.*

CBP inspected the parcel and found that it contained one metal part, gold in color with the word "Glock" displayed on it. *Id.* at 5 ¶ 10. Glock, a firearms company, does not manufacture parts such as the "auto switch" that convert its semi-automatic weapons into fully automatic ones. *Id.* at 3–4 ¶ 7. After seizing the parcel, CBP contacted Homeland Security Investigations ("HSI") Special Agent Jesse Lopez and informed him of its findings. *Id.* at 6 ¶ 11. Agent Lopez informed CBP that HSI Houston would accept the parcel for an attempted controlled delivery. *Id.* The parcel was shipped to HSI Houston and on May 10, 2019, Agent Lopez received the metal part and confirmed that it appeared to be an "auto switch" device. *Id.* at 5–6.

The parcel was addressed to defendant at 400 Thomas Castleberry Road, Shepherd, Texas 77371. *Id.* at 5. Agent Lopez performed a records check for that address. *Id.* at 6 ¶ 12. The check indicated that defendant resided at the address. *Id.* Agent Lopez also conducted a criminal history records check of the defendant. *Id.* That check revealed that defendant is a convicted felon, having been convicted of the offense of Possession of a Controlled Substance on August 12, 2008 and confined to two years imprisonment with the Texas Department of Criminal Justice. *Id.*

Agent Lopez applied for an anticipatory search warrant based on his assessment that the metal part was a prohibited "auto switch" device; the parcel was addressed to the defendant, a

convicted felon; and the defendant was a listed resident of the address designated for shipment. *See id.* The warrant requested the authority to search the premises of the defendant's address once the package was received. *Id.* at 6–7. Agent Lopez obtained the requested authorization from Magistrate Judge Johnson on May 21, 2019. *Id.* at 11.

## II.   Legal Standard

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend IV.  A motion to suppress is analyzed through a two-part analysis.  First, the court determines whether the evidence at issue was obtained by law enforcement officials acting in an "objectively reasonable good-faith reliance upon a search warrant." *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997).  The good-faith exception provides that "[i]f an officer's 'reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant [s]he issues [is] objectively reasonable,' a court need not suppress the fruits." *United States v. Flanders*, 468 F.3d 269, 271 n.2 (5th Cir. 2006) (quoting *United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405 (1984)).  Generally, it is presumed that it was objectively reasonable for an officer to execute a warrant. *See United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (endorsing a district court's statement that only in "exceptional circumstances" does the good-faith exception not apply to the execution of a warrant).  There are, however, four exceptions when this presumption is overcome: (1) when the warrant is issued in reliance upon a deliberately false affidavit; (2) when the magistrate abandons her neutral, detached judicial role; (3) when the warrant is based on an affidavit so lacking in indicia of probable cause as to render an officer's belief in it unreasonable; and (4) when the warrant fails to identify a particular place to be searched or items to be seized. *Id.* at 916–17 (citing *Leon*, 468 U.S. at 914).

If the good-faith exception does not apply, the court determines if there was a substantial basis for finding probable cause. *Id.* Probable cause exists where there are "reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S. Ct. 2317 (1983)). The supporting affidavit must show some nexus between the items to be seized and the criminal activity being investigated. *Id.* (citing *Warden v. Hayden*, 387 U.S. 294, 302, 307, 87 S. Ct. 1642 (1967)). Although a magistrate's determination of probable cause is afforded great deference, a warrant is deficient if it is based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." *Leon*, 468 U.S. at 914–15 (citation omitted).

### III.     Analysis

The court must first determine whether the good-faith exception to the exclusionary rule applies. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). If it applies, the court need not decide whether probable cause supported the warrant. *Id.* Defendant couches his suppression argument in the third exception to the good-faith exception: that the affidavit lacked indicia of probable cause. Referring to the metal part resembling the "auto switch" device, defendant argues that "it is unreasonable to believe that the merchandise was contrary to the law." Dkt. 32 at 10. Defendant reasons that, at the time he filed the warrant application, Agent Lopez had no scientifically reliable evidence that the seized part could be used to transform a semi-automatic weapon into a fully automatic one. *See id.* at 10–12. Regarding Agent Lopez's visual analysis of the part, defendant observes that Agent Lopez "provided no technique through which his theory could be tested" or any "indication that the technique he employed" to identify the part

4

"had been subject to peer review or the rate of error in visually identifying gun converters." *Id.* at 11–12.

There has never existed a requirement that a law enforcement officer tender to a magistrate scientific evidence that a prohibited firearm part is, in fact, a prohibited firearm part. Instead, probable cause asks whether there is a fair probability that contraband will be found in a particular place—and that determination is based under the "totality of the circumstances." *United States v. Aguierre*, 664 F. 3d 606, 610 (5th Cir. 2011). That standard informs the court's analysis under the good faith exception doctrine. "When a warrant is supported by more than a 'bare bones' affidavit, officers may rely in good faith on the warrant's validity." *Satterwhite*, 980 F.2d at 321 (citations omitted). "'Bare bones' affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id.* "Generally, examples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *Pope*, 467 F.3d at 920 (footnote omitted).

That a "bare bones" affidavit is insufficient to establish probable cause does not mean—as defendant would have it—that proof beyond a reasonable doubt is necessary. "Probable cause does not require proof beyond a reasonable doubt; a magistrate need only have a substantial basis for concluding that a search would uncover evidence of wrongdoing." *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007) (citation omitted). In that vein, the magistrate must be allowed to "draw reasonable inferences from the material [s]he receives, and [her] ultimate probable cause decision should be paid great deference by reviewing courts." *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987) (footnote omitted).

5

Here, the search warrant authorized, in relevant part, the search for evidence of violations of 18 U.S.C. §§ 922(a)(4), (g)(1), and (o)(1). Dkt. 33, Ex. 2 at 10 ¶ 25. A fully automatic pistol is considered a machinegun under 26 U.S.C. § 5845(b). The possession of both an "auto switch" device or a machinegun are prohibited by law under 18 U.S.C. § 922(o)(1) and 26 U.S.C. § 5845(b). Agent Lopez's affidavit was by no means bare bones: it contained allegations, based on visual inspection, that the metal part resembled a prohibited "auto switch," the part itself was inscribed with the word "Glock," the shipper of the parcel was known to have previously shipped "auto switch" parts into the United States, and the part was destined for the residence of a convicted felon. Thus, Magistrate Judge Johnson could infer that the metal part was a prohibited "auto switch" and that a search of defendant's home, once the parcel was delivered, would reveal evidence of a crime. Accordingly, the Government's reliance on the magistrate's warrant was objectively reasonable. *See Flanders*, 468 F.3d at 271 n.2.

Because the warrant was not based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence unreasonable, the defendant's argument fails. Thus, the good-faith exception to the exclusionary rule applies, and the court need not consider whether Magistrate Judge Johnson had a substantial basis for finding probable cause.[2]

### IV.   Conclusion

Defendant's motion to suppress (Dkt. 32) is DENIED. Because Defendant abandoned his suppression claims as to the Government's search of his technological devices, the court makes no ruling on those searches.

---

[2]   Even though the issue is unnecessary to detail, the court's analysis demonstrates that Magistrate Judge Johnson had a substantial basis for finding probable cause.

Signed at Houston, Texas on October 28, 2021.

_____
Gray H. Miller
Senior United States District Judge